## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

AARON T. DANIELS, JR.                :

                           :

    VS.                      :    C.A. No.:

                           :

FAMILY DOLLAR STORES, LLC;      :

FAMILY DOLLAR STORES OF       :

RHODE ISLAND, LLC;             :

MIDWOOD BRANDS, LLC          :

AMAZON.COM, INC.; and          :

ABC CORPORATION             :

## COMPLAINT

## JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

2.    Venue is proper in the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1391 at least because a substantial part of the events or omissions giving rise to the claim(s) occurred in Rhode Island.

## PARTIES

3.    Plaintiff Aaron T. Daniels, Jr. is a resident and citizen of Coventry, Rhode Island.

4.    Defendant Family Dollar Stores, LLC [hereinafter "Family Dollar"] is a company organized and existing under the laws of the State of North Carolina with its principal place of business located in Chesapeake, Virginia.   At all relevant times

mentioned, Defendant Family Dollar was doing business in the State of Rhode Island, and otherwise had sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this Court.

5.    Defendant Family Dollar Stores of Rhode Island, LLC [hereinafter "Family Dollar of RI"] is a company organized and existing under the laws of the State of North Carolina with its principal place of business located in Chesapeake, Virginia.  At all relevant times mentioned, Defendant Family Dollar of RI was registered to do business in the State of Rhode Island, was in fact doing business in the State of Rhode Island, and otherwise had sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this Court.

6.    Defendant Midwood Brands, LLC [hereinafter "Midwood Brands"] is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business located in Chesapeake, Virginia.  At all relevant times mentioned, Defendant Midwood Brands transacted business in the State of Rhode Island, including distributing products that would be sold in Rhode Island, and otherwise had sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this Court.

7.    Defendant Amazon.com, Inc. [hereinafter "Amazon"] is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Seattle, Washington. At all relevant times mentioned, Defendant Amazon was doing business in the State of Rhode Island by selling and/or distributing

2

goods here, and otherwise had sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this Court.

8.    Defendant ABC Corporation is a domestic and/or foreign corporation which has sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this Court.

## FACTS

9.    On or about August 9, 2025, Plaintiff Aaron T. Daniels, Jr. was sitting at an outdoor table in the backyard of his home located at 22 Highland Avenue, Coventry, Rhode Island when he was severely burned by a tabletop firepit.

10.    The tabletop firepit which burned Aaron T. Daniels, Jr. on August 9, 2025, SKU# 3401891 (hereinafter the "Subject Firepit"), was designed and/or manufactured, and/or distributed by Defendant Midwood Brands and sold by Defendants Family Dollar and/or Family Dollar of RI to the Plaintiff's fiancé in April, 2025 at a Family Dollar store located at 10 Coventry Shoppers Park in Coventry, Rhode Island.

11.    The Triti Bioethanol Fireplace Fuel (hereinafter the "Fuel") that caused Aaron T. Daniels, Jr. to be burned was sold and/or distributed by Defendant Amazon.

12.    At that time, the Subject Firepit did not comply with the requirements in safety standard ASTM F3363-19 issued by the United States Consumer Product Safety Commission (CPSC) concerning safety requirements for devices that burn liquid fuel in an open container.

3

13.     Additionally, the Subject Firepit was distributed and sold notwithstanding the CPSC's product safety warning Number 25-074 dated December 19, 2024, which stated "**sellers should stop selling these products.**" (Bold in original).

14.     At the time, the Fuel, as sold by Defendant Amazon, did not contain a flame mitigation device, in violation of safety standard ASTM F3429/ASTM F3429M-20 issued by the CPSC.

15.     Additionally, Defendant Amazon continued to sell and/or distribute the Fuel notwithstanding the CPSC's product safety warning 23-092 dated January 17, 2023, and prior recalls by Amazon of tabletop fire pits due to the risk of serious burns, including but not limited to, the recall by Amazon of Colson fire pits in October of 2024.

16.     Plaintiff Aaron T. Daniels Jr. was unaware that he was in imminent danger of being ignited on fire by the Subject Firepit and he was, in fact, severely burned by the Subject Firepit and the Fuel.  Plaintiff Aaron T. Daniels, Jr. sustained catastrophic burn injuries to his face and his body, including but not limited to permanent injuries which required him to undergo multiple surgeries.

**COUNT I**
**NEGLIGENCE – FAMILY DOLLAR STORES, LLC**

17.     Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

18.     At all relevant times, Defendant Family Dollar, by and through its agents, servants, and employees, was engaged in the business of designing, manufacturing, assembling, marketing, distributing and/or selling tabletop firepits.

19. Defendant Family Dollar owed a duty to purchasers and/or users and/or those surrounding the Subject Firepit, to exercise reasonable care in designing, manufacturing, assembling, marketing, distributing, servicing and/or selling the same.

20. Defendant Family Dollar owed a duty to purchasers and/or users and/or those surrounding the Subject Firepit, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of the Subject Firepit.

21. Defendant Family Dollar breached the duty it owed to Plaintiff Aaron T. Daniels Jr. and was otherwise negligent in the designing, manufacturing, assembling, marketing, distributing, servicing and/or selling of the Subject Firepit, and its negligence caused the incident hereinbefore described.

22. Defendant Family Dollar breached the duty it owed the Plaintiff Aaron T. Daniels, Jr. and was otherwise negligent by failing to warn him of the risks and dangers that were known, or should reasonably have been known to this defendant, in the use of the Subject Firepit.

23. As a direct and proximate result of the negligence of Defendant Family Dollar, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Family Dollar Stores, LLC for compensatory damages and punitive damages, plus interest and costs.

## COUNT II
## STRICT LIABILITY – FAMILY DOLLAR STORES, LLC

24.    Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

25.    The Subject Firepit was designed, manufactured, assembled, marketed, distributed, and/or sold, and placed into the stream of commerce by Defendant Family Dollar in a defective and unreasonably dangerous condition.

26.    The Subject Firepit was defective and unreasonably dangerous at the time it left the facilities and control of Defendant Family Dollar, and its condition remained substantially unchanged up to and including the time of the incident on August 9, 2025 as aforesaid.

27.    Plaintiff Aaron T. Daniels, Jr. had no knowledge, or reason to know, of the defective condition of the Subject Firepit.

28.    At all relevant times, the Subject Firepit was used in the manner and for the purpose intended.

29.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Firepit, the incident occurred in the manner hereinbefore described.

30.    Due to the defective and unreasonably dangerous condition of the Subject Firepit and resulting injuries to Plaintiff Aaron T. Daniels, Jr., Defendant Family Dollar is strictly liable to the Plaintiff for damages.

31.    Defendant Family Dollar failed to warn purchasers and/or users and/or those surrounding its product, including Plaintiff Aaron T. Daniels, Jr., of the unreasonably dangerous and defective condition of the Subject Firepit. Due to its failure to warn, Defendant Family Dollar is strictly liable to the Plaintiff for damages.

32.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Firepit, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Family Dollar Stores, LLC for compensatory damages and punitive damages, plus interest and costs.

## COUNT III
## BREACH OF WARRANTIES – FAMILY DOLLAR STORES, LLC

33.    Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

7

34.    At all relevant times, Defendant Family Dollar expressly and impliedly warranted to all expected and foreseeable users of the Fuel, including Plaintiff Aaron T. Daniels, Jr., that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable and ordinary manner.

35.    Plaintiff Aaron T. Daniels, Jr. at all times relied upon the aforesaid express and implied warranties.

36.    At all relevant times, the Subject Firepit was being used for the purposes for which it was intended and in a foreseeable manner.  Nevertheless, the Subject Firepit was defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

37.    As a direct and proximate result of his reliance on the aforesaid warranties and the breach thereof by Defendant Family Dollar, Plaintiff Aaron T. Daniels, Jr. suffered catastrophic personal injuries.

38.    As a direct and proximate result of Defendant Family Dollar's breach of warranties as aforesaid, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

8

WHEREFORE, Plaintiff demands judgment against Defendant Family Dollar Stores, LLC for compensatory damages and punitive damages, plus interest and costs.

### COUNT IV
### PUNITIVE DAMAGES – FAMILY DOLLAR STORES, LLC

39. Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

40. Upon information and belief, Defendant Family Dollar Stores, LLC continued to sell and/or distribute the Subject Firepit despite the obvious dangers it exposed to users, government warnings, and other similar instances of people being harmed and killed by tabletop firepits.

41. Upon information and belief, Defendant Family Dollar Stores, LLC's conduct rose to the level of willfulness, recklessness, or wickedness sufficient to justify an award of punitive damages.

42. Upon information and belief, Defendant Family Dollar Stores, LLC's actions and/or failures to act constituted willfulness, recklessness or wickedness for which Plaintiff Aaron T. Daniels, Jr., is entitled and demands an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant Family Dollar Stores, LLC for compensatory damages and punitive damages, plus interest and costs.

### COUNT V
### NEGLIGENCE – FAMILY DOLLAR STORES OF RHODE ISLAND, LLC.

43. Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

44. At all relevant times, Defendant Family Dollar of RI, by and through its agents, servants, and employees, was engaged in the business of designing, manufacturing, assembling, marketing, distributing and/or selling tabletop firepits.

45. Defendant Family Dollar of RI owed a duty to purchasers and/or users and/or those surrounding the Subject Firepit, to exercise reasonably care in designing, manufacturing, assembling, marketing, distributing, servicing and/or selling the same.

46. Defendant Family Dollar of RI owed a duty to purchasers and/or users and/or those surrounding the Subject Firepit, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of the Subject Firepit.

47. Defendant Family Dollar of RI breached the duty it owed to Plaintiff Aaron T. Daniels Jr. and was otherwise negligent in the designing, manufacturing, assembling, marketing, distributing, servicing and/or selling of the Subject Firepit, and its negligence caused the incident hereinbefore described.

48. Defendant Family Dollar of RI breached the duty it owed the Plaintiff Aaron T. Daniels, Jr. and was otherwise negligent by failing to warn him of the risks and dangers that were known, or should reasonably have been known to this defendant, in the use of the Subject Firepit.

49. As a direct and proximate result of the negligence of Defendant Family Dollar of RI, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life,

has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Family Dollar Stores of Rhode Island, LLC for compensatory damages and punitive damages, plus interest and costs.

## COUNT VI
## STRICT LIABILITY – FAMILY DOLLAR STORES OF RHODE ISLAND, LLC

50.    Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

51.    The Subject Firepit was designed, manufactured, assembled, marketed, distributed, and/or sold, and placed into the stream of commerce by Defendant Family Dollar of RI in a defective and unreasonably dangerous condition for reasons including but not limited to the fact that the Subject Firepit violated the requirements in voluntary safety standard ASTM F3363-19.

52.    The Subject Firepit was defective and unreasonably dangerous at the time it left the facilities and control of Defendant Family Dollar of RI, and its condition remained substantially unchanged up to and including the time of the incident on August 9, 2025 as aforesaid.

53.    Plaintiff Aaron T. Daniels, Jr. had no knowledge, or reason to know, of the defective condition of the Subject Firepit.

11

54.    At all relevant times, the Subject Firepit was used in the manner and for the purpose intended.

55.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Firepit, the incident occurred in the manner hereinbefore described.

56.    Due to the defective and unreasonably dangerous condition of the Subject Firepit and resulting injuries to Plaintiff Aaron T. Daniels, Jr., Defendant Family Dollar of RI is strictly liable to the Plaintiff for damages.

57.    Defendant Family Dollar of RI failed to warn purchasers and/or users and/or those surrounding its product, including Plaintiff Aaron T. Daniels, Jr., of the unreasonably dangerous and defective condition of the Subject Firepit. Due to its failure to warn, Defendant Family Dollar of RI is strictly liable to the Plaintiff for damages.

58.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Firepit, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Family Dollar Stores of Rhode Island, LLC for compensatory damages and punitive damages, plus interest and costs.

## COUNT VII
## BREACH OF WARRANTIES – FAMILY DOLLAR STORES OF RHODE ISLAND, LLC

59.     Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

60.     At all relevant times, Defendant Family Dollar of RI expressly and impliedly warranted to all expected and foreseeable users of the Fuel, including Plaintiff Aaron T. Daniels, Jr., that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable and ordinary manner.

61.     Plaintiff Aaron T. Daniels, Jr. at all times relied upon the aforesaid express and implied warranties.

62.     At all relevant times, the Subject Firepit was being used for the purposes for which they were intended and in a foreseeable manner.  Nevertheless, the Subject Firepit was defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

63.     As a direct and proximate result of his reliance on the aforesaid warranties and the breach thereof by Defendant Family Dollar of RI, Plaintiff Aaron T. Daniels, Jr. suffered catastrophic personal injuries.

64.     As a direct and proximate result of Defendant Family Dollar of RI's breach of warranties as aforesaid, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Family Dollar Stores of Rhode Island, LLC for compensatory damages and punitive damages, plus interest and costs.

## COUNT VIII
## PUNITIVE DAMAGES – FAMILY DOLLAR STORES OF RHODE ISLAND, LLC

65.     Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

66.     Upon information and belief, Defendant Family Dollar Stores of Rhode Island, LLC continued to sell and/or distribute the Subject Firepit despite the obvious dangers it exposed to users, government warnings, and other similar instances of people being harmed and killed by tabletop firepits.

67.     Upon information and belief, Defendant Family Dollar Stores of Rhode Island, LLC's conduct rose to the level of willfulness, recklessness or wickedness to justify an award of punitive damages.

68.    Upon information and belief, Defendant Family Dollar Stores of Rhode Island, LLC, actions and/or failures to act constituted willfulness, recklessness or wickedness for which Plaintiff Aaron T. Daniels, Jr., is entitled and demands an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant Family Dollar Stores of Rhode Island, LLC for compensatory damages and punitive damages, plus interest and costs.

## COUNT IX
## NEGLIGENCE – MIDWOOD BRANDS, LLC

69.    Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as fully set forth herein.

70.    At all relevant times, Defendant Midwood Brands, by and through its agents, servants, employees, and affiliated companies, was engaged in the business of designing, manufacturing, assembling, marketing, distributing, and/or selling tabletop firepits for consumer purchase.

71.    Defendant Midwood Brands owed a duty to purchasers and/or users and/or those surrounding its tabletop firepits, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of its tabletop firepits.

72.    Defendant Midwood Brands owed a duty to purchasers and/or users and/or those surrounding the tabletop firepit that it designed, manufactured,

15

assembled, distributed, and/or sold, the Subject Firepit, to exercise reasonable care in designing, manufacturing, assembling, marketing, distributing, and selling the same.

73.    Defendant Midwood Brands breached the duty it owed to Plaintiff Aaron T. Daniels, Jr. and was otherwise negligent in its design, manufacture, assembly, marketing, distribution, and sale of the Subject Firepit, and its negligence caused the incident hereinbefore described.

74.    Defendant Midwood Brands breached the duty it owed to Plaintiff Aaron T. Daniels Jr. and was otherwise negligent by failing to warn him of the risks and dangers that were known, or should reasonably have been known to this defendant, and that were otherwise reasonably foreseeable and inherent in the use of the Subject Firepit.

75.    As a direct and proximate result of the negligence of Defendant Midwood Brands, Plaintiff Aaron T. Daniels Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages, and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Midwood Brands, LLC for compensatory damages and punitive damages, plus interest and costs.

## COUNT X
## STRICT LIABILITY – MIDWOOD BRANDS, LLC

76.     Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

77.     The Subject Firepit was designed, manufactured, assembled, marketed, distributed, sold and placed into the stream of commerce by Defendant Midwood Brands in a defective and unreasonably dangerous condition.

78.     The Subject Firepit was in a defective and unreasonably dangerous condition at the time it left the facilities and control of Defendant Midwood Brands, and its condition remained substantially unchanged up to and including the time of the incident on August 9, 2025 as foresaid.

79.     Plaintiff Aaron T. Daniels, Jr. had no knowledge, or reason to know, of the defective condition of the Subject Firepit.

80.     At all relevant times, the Subject Firepit was used in the manner and for the purpose intended.

81.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Firepit, the incident occurred in the manner hereinbefore described.

82.     Due to the defective and unreasonably dangerous condition of the Subject Firepit and resulting injuries to Plaintiff Aaron T. Daniels, Jr., Defendant Midwood Brands is strictly liable to the Plaintiff for damages.

83.    Defendant Midwood Brands failed to warn purchasers and/or users of its product, including Plaintiff Aaron T. Daniels Jr., of the unreasonably dangerous and defective condition of the Subject Firepit. Due to its failure to warn, Defendant Midwood Brands is strictly liable to the Plaintiff for damages.

84.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Firepit, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves and nervous system, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future.

WHEREFORE, Plaintiff demands judgment against Defendant Midwood Brands, LLC for compensatory damages and punitive damages, plus interest and costs.

## COUNT XI
## BREACH OF WARRANTIES – MIDWOOD BRANDS, LLC

85.    Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

86.    At all relevant times, Defendant Midwood Brands expressly and impliedly warranted to all expected and foreseeable users of the Subject Firepit, including Plaintiff Aaron T. Daniels, Jr., that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable and ordinary manner.

87.    Plaintiff Aaron T. Daniels, Jr. at all times relied upon the aforesaid express and implied warranties.

88.    At all relevant times, the Subject Firepit was being used for the purposes for which they were intended and in a foreseeable manner.  Nevertheless, the Subject Firepit was defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

89.    As a direct and proximate result of his reliance on the aforesaid warranties and the breach thereof by Defendant Midwood Brands, Plaintiff Aaron T. Daniels, Jr. suffered catastrophic personal injuries.

90.    As a direct and proximate result of Defendant Midwood Brands' breach of warranties as aforesaid, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Midwood Brands, LLC for compensatory damages and punitive damages, plus interest and costs.

## COUNT XII
## PUNITIVE DAMAGES – MIDWOOD BRANDS, LLC

91.   Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

92.   Upon information and belief, Defendant Midwood Brands continued to sell and/or distribute the Subject Firepit despite the obvious dangers it exposed to users, government warnings, and other similar instances of people being harmed and killed by tabletop firepits.

93.   Upon information and belief, Defendant Midwood Brands' conduct rose to the level of willfulness, recklessness or wickedness sufficient to justify an award of punitive damages.

94.   Upon information and belief, Defendant Midwood Brands' actions and/or failures to act constituted willfulness, recklessness or wickedness for which Plaintiff Aaron T. Daniels, Jr. is entitled and demands an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant Midwood Brands, LLC for compensatory damages and punitive damages, plus interest and costs.

## COUNT XIII
## NEGLIGENCE – AMAZON.COM, INC.

95.   Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

96.   At all relevant times, Defendant Amazon, by and through its agents, servants and employees, was engaged in the business of selling flammable liquids, like the Fuel.

97. Defendant Amazon owed a duty to purchasers and/or users of the Fuel to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of such flammable liquids.

98. Defendant Amazon owed a duty to purchasers and/or users, to exercise reasonable care in distributing and selling the Fuel.

99. Defendant Amazon breached the duty it owed to Plaintiff Aaron T. Daniels, Jr. and was, otherwise, negligent in its selling of the Fuel, and its negligence caused the incident hereinbefore described.

100. Defendant Amazon breached the duty it owed to Plaintiff Aaron T. Daniels, Jr. and was, otherwise, negligent by failing to warn him of the risks and dangers that were known, or should reasonably have been known to this defendant, and that were, otherwise, reasonably foreseeable and inherent in the use of the Fuel.

101. As a direct and proximate result of the negligence of Defendant Amazon, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Amazon.com, Inc. for compensatory damages and punitive damages, plus interest and costs.

## COUNT XIV
## STRICT LIABILITY – AMAZON.COM, INC.

102.    Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

103.    The Fuel was sold, and/or placed into the stream of commerce by Defendant Amazon in a defective and unreasonably dangerous condition.

104.    The Fuel was in a defective and unreasonably dangerous condition at the time it left the facilities and control of Defendant Amazon, and its condition remained substantially unchanged up to and including the time of the incident on August 9, 2025 as aforesaid.

105.    Plaintiff Aaron T. Daniels, Jr. had no knowledge, or reason to know, of the defective condition of the Fuel.

106.    At all relevant times, the Fuel was used in the manner and for the purpose intended.

107.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Fuel, the incident of August 9, 2025 occurred in the manner hereinbefore described.

108.    Due to the defective and unreasonably dangerous condition of the Fuel and resulting injuries to Plaintiff Aaron T. Daniels, Jr., Defendant Amazon is strictly liable to the Plaintiff for damages.

109.    Defendant Amazon failed to warn purchasers and/or users and/or those working around its product, including Plaintiff Aaron T. Daniels, Jr., of the

unreasonably dangerous and defective condition of the Fuel. Due to its failure to warn, Defendant Amazon is strictly liable to the Plaintiff for damages.

110. As a direct and proximate result of the defective and unreasonably dangerous condition of the Fuel, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Amazon.com, Inc. for compensatory damages and punitive damages, plus interest and costs.

## COUNT XV
## BREACH OF WARRANTIES – AMAZON.COM, INC.

111. Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

112. At all relevant times, Defendant Amazon expressly and impliedly warranted to all expected and foreseeable users of the Fuel, including Plaintiff Aaron T. Daniels, Jr., that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable and ordinary manner.

113. Plaintiff Aaron T. Daniels, Jr. at all times relied upon the aforesaid express and implied warranties.

114. At all relevant times, the Fuel were being used for the purposes for which they were intended and in a foreseeable manner. Nevertheless, the Fuel was defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

115. As a direct and proximate result of his reliance on the aforesaid warranties and the breach thereof by Defendant Amazon, Plaintiff Aaron T. Daniels, Jr. suffered catastrophic personal injuries.

116. As a direct and proximate result of Defendant Amazon's breach of warranties as aforesaid, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Amazon.com, Inc. for compensatory damages and punitive damages, plus interest and costs.

## COUNT XVI
## PUNITIVE DAMAGES – AMAZON.COM, INC.

117.    Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

118.    Upon information and belief, Defendant Amazon.com, Inc., continued to sell and/or distribute the Fuel despite the obvious dangers it exposed to users, government warnings, and other similar instances of people being harmed and killed by tabletop firepits.

119.    Upon information and belief, Defendant Amazon.com, Inc.'s conduct rose to the level of willfulness, recklessness or wickedness sufficient to justify an award of punitive damages.

120.    Upon information and belief, Defendant Amazon.com, Inc.'s actions and/or failures to act constituted willfulness, recklessness or wickedness for which Plaintiff Aaron T. Daniels, Jr. is entitled and demands an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant Amazon.com, Inc. for compensatory damages and punitive damages, plus interest and costs.

## COUNT XVII
## NEGLIGENCE – ABC CORPORATION

121.    Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

122.    At all relevant times, Defendant ABC Corporation, by and through its agents, servants, employees, and affiliated companies, was engaged in the business of

25

designing, manufacturing, assembling, marketing, distributing, and selling the Fuel for consumer purchase.

123. Defendant ABC Corporation owed a duty to purchasers and/or users and/or those surrounding the Fuel, to warn of the risks and dangers that were known or should reasonably be known or are otherwise, reasonably foreseeable and inherent in the use of the Fuel.

124. Defendant ABC Corporation owed a duty to purchasers and/or users and/or those surrounding the Fuel that it designed, manufactured, assembled, distributed, and/or sold to exercise reasonable care in the designing, manufacturing, assembling marketing, distributing, and selling the same.

125. Defendant ABC Corporation breached the duty it owed to Plaintiff Aaron T. Daniels, Jr., and was otherwise negligent in its design, manufacture, assembly, marketing, distribution, and sale of the Fuel, and its negligence caused the incident hereinbefore described.

126. Defendant ABC Corporation breached the duty it owed to Plaintiff Aaron T. Daniels, Jr. and was otherwise negligent by failing to warn him of the risks and dangers that were known, or should reasonably have been known to this defendant, and that were, otherwise, reasonably foreseeable and inherent in the use of the Fuel.

127. As a direct and proximate result of the negligence of Defendant ABC Corporation, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves and nervous system, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life,

has experienced a loss of wages, and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant ABC Corporation for compensatory damages and punitive damages, plus interest and costs.

## COUNT XVIII
## STRICT LIABILITY – ABC CORPORATION

128.    Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

129.    The Fuel was designed, manufactured, assembled, marketed, distributed, sold and placed into the stream of commerce by Defendant ABC Corporation in a defective and unreasonably dangerous condition.

130.    The Fuel was in a defective and unreasonably dangerous condition at the time it left the facilities and control of Defendant ABC Corporation, and its condition remained substantially unchanged up to and including the time of the incident on August 9, 2025 as foresaid.

131.    Plaintiff Aaron T. Daniels Jr. had no knowledge, or reason to known, of the defective condition of the Fuel.

132.    At all relevant times, the Fuel was used in the manner and for the purpose intended.

133.   As a direct and proximate result of the defective and unreasonably dangerous condition of the Fuel, the incident on August 9, 2025 occurred in the manner hereinbefore described.

134.   Due to the defective and unreasonably dangerous conditions of the Fuel and resulting injuries to Plaintiff Aaron T. Daniels, Jr., Defendant ABC Corporation is strictly liable to the Plaintiff for damages.

135.   Defendant ABC Corporation failed to warn purchasers and/or users and/or those surrounding its product, including Plaintiff Aaron T. Daniels, Jr., of the unreasonably dangerous and defective condition of the Fuel. Due to its failure to warn, Defendant ABC Corporation is strictly liable to the Plaintiff for damages.

136.   As a direct and proximate result of the defective and unreasonably dangerous condition of the Fuel, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves and nervous system, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant ABC Corporation for compensatory damages and punitive damages, plus interest and costs.

## COUNT XIX
## BREACH OF WARRANTIES – ABC CORPORATION

137. Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

138. At all relevant times, Defendant ABC Corporation expressly and impliedly warranted to all expected and foreseeable users of the Fuel, including Plaintiff Aaron T. Daniels, Jr., that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable and ordinary manner.

139. Plaintiff Aaron T. Daniels, Jr. at all times relied upon the aforesaid express and implied warranties.

140. At all relevant times, the Fuel were being used for the purposes for which they were intended and in a foreseeable manner. Nevertheless, the Fuel was defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

141. As a direct and proximate result of his reliance on the aforesaid warranties and the breach thereof by Defendant ABC Corporation, Plaintiff Aaron T. Daniels, Jr. suffered catastrophic personal injuries.

142. As a direct and proximate result of Defendant ABC Corporation's breach of warranties as aforesaid, Plaintiff Aaron T. Daniels, Jr. was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in

the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant ABC Corporation for compensatory damages and punitive damages, plus interest and costs.

## COUNT XX
## PUNITIVE DAMAGES – ABC CORPORATION

143. Plaintiff re-states and incorporates by reference the preceding paragraphs, and each of them, as if fully set forth herein.

144. Upon information and belief, Defendant ABC Corporation continued to sell and/or distribute the Fuel despite the obvious dangers it exposed to users, government warnings, and other similar instances of people being harmed and killed by tabletop firepits. .

145. Upon information and belief, Defendant ABC Corporation's conduct rose to the level of willfulness, recklessness, or wickedness sufficient to justify an award of punitive damages.

146. Upon information and belief, Defendant ABC Corporation's actions and/or failures to act constituted willfulness, recklessness or wickedness, for which Plaintiff Aaron T. Daniels, Jr. is entitled and demands an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant ABC Corporation for compensatory damages and punitive damages, plus interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury and designates Jeffrey A. Mega, Esq. as trial counsel.

Plaintiff,

AARON T. DANIELS, JR.

By his Attorneys,

Decof, Mega & Quinn, P.C.
One Smith Hill
Providence, RI  02903
Telephone: (401) 272-1110
Facsimile:  (401) 351-6641
Email: jam@decof.com; mjs@decof.com; bwm@decof.com

/s/   Jeffrey A. Mega
Jeffrey A. Mega              Bar No. 6441

/s/   Michael J. Stevenson
Michael J. Stevenson          Bar No. 6442

/s/   Brian W. Murphy
Brian W. Murphy              Bar No. 10674

Dated:  December 1, 2025
Daniels P001